IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN PEMBERTON,                                 07-CV-1376-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

       Defendant.


MERRILL SCHNEIDER
14415 S.E. Stark
P.O. Box 16310
Portland, OR 97292
(503) 255-9092

       Attorney for Plaintiff

KAREN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**RICHARD M. RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

     Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Kevin Pemberton seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed his applications for DIB and SSI on January 5, 2004, alleging a disability onset date of January 1,

2 - OPINION AND ORDER

1992.  Tr. 114-18, 369-72.[1]  The applications were denied
initially and on reconsideration.  Tr. 31-36, 39-41.  An
Administrative Law Judge (ALJ) held a hearing on April 6, 2006.
Tr. 395.  Plaintiff was not represented, and the ALJ continued
the hearing so Plaintiff could obtain counsel.  Tr. 397-98.  On
May 19, 2006, the ALJ held a continuation hearing at which
Plaintiff elected to proceed without counsel.  Tr. 399.  At the
May 19, 2006, hearing Plaintiff, a medical expert, and a
vocational expert (VE) testified.  Tr. 399-438.  At the May 19,
2006, hearing, the medical expert expressed his concern that the
medical record might not be complete.  The ALJ, therefore,
continued the hearing.  On August 1, 2006, the ALJ reconvened the
matter, but Plaintiff did not appear.  Tr. 439.  On October 2,
2006, the ALJ held a final hearing at which Plaintiff was not
represented.  Tr. 443-71.  Plaintiff, a different medical expert,
and a different VE testified at the October 2, 2006, hearing.

     The ALJ issued a decision on October 20, 2006, in which he
found Plaintiff was not disabled.  Tr. 24-30.  The ALJ's decision
became the final decision of the Commissioner on July 14, 2007,
when the Appeals Council denied Plaintiff's request for review.
Tr. 6-8.

---

     [1] Citations to the official transcript of record filed by
the Commissioner on December 12, 2007, are referred to as "Tr."

3 - OPINION AND ORDER

**BACKGROUND**

Plaintiff was born on January 6, 1964; was 34 years old on September 30, 1998, the date his insured status expired for DIB purposes;[2] and was 42 years old at the time of the last hearing. Tr. 29. Plaintiff completed high school. Tr. 404. Plaintiff has past relevant work experience as a janitor and construction worker. Tr. 29.

Plaintiff alleges disability due to hepatitis C, polyarthralgias, tendonitis in his left elbow, anxiety, bipolar disorder, and seizures. Tr. 27.

The ALJ found Plaintiff has the severe impairments of hepatitis C, polyarthralgias, and tendonitis in his left elbow. Tr. 27. The ALJ concluded the remainder of Plaintiff's alleged conditions are not severe. Tr. 27.

The ALJ denied benefits to Plaintiff on the ground that he retains the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy. Tr. 29.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the

---

[2] Plaintiff's date last insured affects only Plaintiff's application for DIB benefits. The relevant period for Plaintiff's SSI benefits is from January 5, 2004, through the present. 20 C.F.R. § 416.330. *See also* SSR 83-20.

4 - OPINION AND ORDER

medical evidence.  *See* Tr. 27-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

6 - OPINION AND ORDER

impairment or combination of impairments. *Stout*, 454 F.3d at
1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity. *Stout*,
454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii),
416.920(a)(4)(iii). The criteria for the listed impairments,
known as Listings, are enumerated in 20 C.F.R. part 404, subpart
P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's RFC. The claimant's RFC is an assessment
of the sustained, work-related physical and mental activities the
claimant can still do on a regular and continuing basis despite
his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also*
Social Security Ruling (SSR) 96-8p. "A 'regular and continuing
basis' means 8 hours a day, for 5 days a week, or an equivalent
schedule." SSR 96-8p at *1. In other words, the Social Security
Act does not require complete incapacity to be disabled. *Smolen
v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The
assessment of a claimant's RFC is at the heart of Steps Four and
Five of the sequential analysis engaged in by the ALJ when
determining whether a claimant can still work despite severe

medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had "modest" earnings in 1994, 1995, 1998, and 2003 and noted the record reflects

reports of Plaintiff working in 2002 and 2005 although there is not any record of earnings for those years. Nevertheless, the ALJ concluded Plaintiff has not engaged in substantial gainful activity since January 1, 1992. Tr. 26.

At Step Two, the ALJ found Plaintiff has severe impairments of hepatitis C, polyarthralgias, and tendonitis in his left elbow. Tr. 27.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ assessed Plaintiff's RFC and found Plaintiff could walk eight blocks at a time, stand for one hour at a time, and sit for two hours at a time. Tr. 29. The ALJ found Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. The ALJ also found Plaintiff could not drive; he has mild impairments in short-term memory and concentration; and he has "narcissistic, passive-aggressive, and borderline personality features." Tr. 29-30.

At Step Four, the ALJ found Plaintiff is not able to perform his past relevant work. Tr. 29.

At Step Five, the ALJ found Plaintiff is capable of working in occupations that exist in significant numbers in the local and national economies. Tr. 30. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred by improperly (1) finding Plaintiff's anxiety, bipolar disorder, and seizures nonsevere; (2) rejecting Plaintiff's testimony; and (3) rejecting lay-witness testimony.

**I.   The ALJ did not err at Step Two when he found Plaintiff's anxiety, bipolar disorder, and seizures nonsevere.**

As noted, the ALJ found at Step Two that Plaintiff has severe impairments of hepatitis C, polyarthralgias, and tendonitis in his left elbow.  Plaintiff, however, contends the ALJ erred when he found Plaintiff's anxiety, bipolar disorder, and seizures are nonsevere.

At Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments that would limit the claimant's ability to perform work-related activities for a period of at least 12 continuous months.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  The ALJ, however, must "ha[ve] substantial evidence to find that . . . medical evidence clearly establishe[s a claimant does] not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here the ALJ found there is not any objective evidence in

10 - OPINION AND ORDER

the record that establishes Plaintiff's anxiety, bipolar
disorder, and seizures cause any limitations in his ability to
work.  The ALJ also found the record does not reflect any of
Plaintiff's treating physicians opined Plaintiff had any work
limitations related to anxiety, bipolar disorder, or seizures.
In addition, the ALJ noted in May 2002, Mark Spofford, Ph.D.,
examining psychologist, indicated Plaintiff had moderate symptoms
of social anxiety but they were not greatly debilitating.  Tr.
241.  Dr. Spofford noted Plaintiff's report that he had been
diagnosed with bipolar disorder, "but his report of his history
suggests that any periods of manic-type behaviors were associated
with drug abuse."  Tr. 241.  Dr. Spofford assigned Plaintiff a
GAF of 65,[3] which indicates mild symptoms or some impairment of
social or occupational functioning.  Tr. 241, *DSM-IV* 32.  The ALJ
further noted in March 2004, Duane D. Kolilis, Ph.D., examining
psychologist, opined Plaintiff's behavior included "narcissistic,
histrionic, and passive-aggressive features, but the severity
[other than substance-induced] does not appear to reach the level
necessary for a diagnosis of a Personality Disorder."  Tr. 268.
Dr. Kolilis assigned Plaintiff a GAF of 75, which indicates "if
symptoms are present, they are transient and expected reactions

---

[3] The GAF scale is used to report a clinician's judgment of
the patient's overall level of functioning on a scale of 1 to
100.  *Diagnostic and Statistical Manual of Mental Disorders* (4th
ed. 1994)(*DSM-IV*) at 30-32.

to psychosocial stressors." *DSM-IV* 32.  Finally, the ALJ noted the medical record reflects Plaintiff has had only one seizure. Even though he stopped taking his seizure medication, he has not had any further seizures or experienced any long-term conse- quences of his single seizure.

The Court concludes on this record that the ALJ did not err when he found at Step Two that Plaintiff's anxiety, bipolar disorder, and seizures were nonsevere because he gave clear and convincing reasons based on substantial evidence in the record for doing so.

**II.  The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the

12 - OPINION AND ORDER

claimant's pain testimony only if he provides clear and
convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient. *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's allegations of his physical and
mental-health symptoms were not fully credible.  The ALJ noted
Plaintiff's treatment records reflect a more active lifestyle
than alleged by Plaintiff.  For example, although Plaintiff
alleged he had not been able to work since January 1992,
Plaintiff reported to Dr. Spofford in May 2002, that he was doing
construction work with his father, and Dr. Spofford observed
Plaintiff arrived at his mental-health examination directly from
construction work.  Tr. 240.  In addition, an emergency-room
doctor reported in April 2005, that Plaintiff presented to the
emergency room after he suffered a seizure while working
construction.  Tr. 306.  The ALJ noted in March 2004, Elizabeth
North, D.O., examining physician, opined Plaintiff was not
limited in his ability to stand, to walk, to sit, or to lift.
Dr. North reported testing Plaintiff's left-hand muscles
"reveal[ed] no overt weakness although subjectively he says that
he does have pain in the elbow with gripping and with

manipulative movements of the hand and he also subjectively claims that he has weakness griping his left hand."  Tr. 261-62. Finally, Dr. Kolilis reported Plaintiff's pain behavior was inconsistent with his subjective complaints."  Tr. 268.

Based on this record, the Court finds the ALJ did not err when he rejected Plaintiff's testimony because he provided legally sufficient reasons based on substantial evidence in the record for doing so.

**III. The ALJ did not err when he rejected lay-witness testimony.**

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  Although lay testimony is not medical testimony, it is still competent evidence that the ALJ must take into account.  *Lewis*, 236 F.3d at 511.

Before the hearing, lay witness Peggy Marcelo submitted a Third Party Adult Function Report regarding Plaintiff's functional capacity in which she alleged Plaintiff was always in pain, has to rest after walking two or three blocks, had a short attention span, and does not like people telling him what to do. Tr. 169-77.  The ALJ found Marcelo's report not entirely credible because Plaintiff's examining physicians did not find any evidence of limitations in Plaintiff's ability to walk, to stand,

14 - OPINION AND ORDER

to sit, or to lift.  In addition, Plaintiff's examining psychologists did not find limitations of the severity described by Marcelo in Plaintiff's concentration or attention span.

Based on this record, the Court concludes the ALJ provided reasons germane to Marcelo to find her report not entirely credible.  Accordingly, the Court concludes the ALJ did not err.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 19th day of August, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER